# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE           :

:       ID No. 1910010939

v.                :       In and For Kent County

:

ROY KOLACO,             :

:

Defendant.         :

Submitted:  December 31, 2020
Decided:  January 6, 2021

## ORDER

On this 6th day of January, 2021, having considered the State's motion for reargument, and Defendant Roy Kolaco's opposition to the motion, it appears that:

1.     The Court issued an Opinion and an accompanying Order on December 17, 2020, suppressing evidence that the Department of Probation and Parole ("P & P") seized during an administrative search of Mr. Kolaco's residence.[1]  The State did not demonstrate substantial compliance with Department of Probation and Parole Procedure 7.19.  Specifically, the evidence of record did not demonstrate that P & P, more likely than not, completed the checklist required by Procedure 7.19.[2]  Nor did it demonstrate that P & P personnel even considered or discussed three of the five items in the checklist before the search.  Finally, the State failed to offer evidence that the officer who sought permission to conduct the search received his supervisor's prior approval.[3]  The State failed to meet its burden because it did not demonstrate that the

---

[1] *State v. Kolaco*, 2020 WL 7334176, *15 (Del. Super. Ct. Dec. 14, 2020).

[2] *Id.*  In its Opinion, the Court, perhaps inartfully, emphasized the fact that P & P did not "complete" a checklist. As discussed *infra*, the facts of record did not support a finding that the officer who applied for the search and his supervisor even discussed three of the five factors, much less physically completed a written checklist.

[3] *Id.* at *16.

officer and supervisor addressed the factors, and because it failed to demonstrate that a supervisor approved the search. For those reasons, both independently and in combination, the Court suppressed the evidence based upon the totality of the circumstances.[4]

2. The State now moves the Court to reconsider its decision. As a remedy, it requests a rehearing that will permit it to introduce additional evidence to meet its burden.

3. In support of its motion, the State presents three principal arguments. First, it argues that the Court erred because it failed to address the Delaware Supreme Court's decision in *Pendleton v. State*.[5] Though the State did not previously cite that decision, it now argues that the Court disregarded its holding and incorrectly required P & P to strictly comply with Procedure 7.19. Second, it argues that the Court erred when it requested the State to produce the current version of Procedure 7.19 and then considered the Procedure's requirements when issuing its decision. In that regard, the State contends that the Court provided it inadequate notice that the provisions of Procedure 7.19 were at issue. Third, and finally, the State asks the Court to reopen the record so it may present evidence that it did not present in the first hearing. In support of this request, it now provides an affidavit from SPO McClure, with an unsigned, though completed search checklist attached. His affidavit recites that he, in fact, (1) discussed the five factors in the checklist with his supervisor and (2) received his supervisor's approval prior to the search.

4. Delaware's Superior Court criminal rules do not address motions for reargument. Nevertheless, Superior Court Criminal Rule 57 (d) directs the Court to apply applicable Superior Court civil rules in the absence of a controlling or contradictory criminal rule. Accordingly, Superior Court Civil Rule 59(e) provides the standard that applies to this criminal motion for reargument.

---

[4] *Id.* at *13-16.
[5] *Pendleton v. State*, 990 A.2d 417 (Del. 2010).

5.     In order to justify relief upon reargument, the movant must establish that the Court overlooked a controlling precedent or legal principle or misapprehended the law or facts in a way that would have changed the underlying decision.[6]  Furthermore, to receive the remedy of a rehearing to permit a movant to submit additional evidence, such evidence must be newly discovered and unavailable to the movant at the time of the hearing.[7]  In other words, the movant must have been unaware of the facts or excusably ignorant of them at the time of the original hearing.[8]

6.     As to the State's first contention, the Court did not misapply or ignore controlling precedent.  Namely, in its *Pendleton v. State* decision, the Delaware Supreme Court reaffirmed Delaware's substantial compliance approach to administrative searches.[9]  There, the Court reviewed a Superior Court factual finding that P & P substantially complied with the Procedure, notwithstanding a probation officer's failure to physically complete a written checklist.[10]  As opposed to the evidence adduced in Mr. Kolaco's hearing, the State presented evidence in *Pendleton* that the probation officer discussed the required checklist items with his supervisor and gained his approval.[11]   The State correctly argues that the *Pendleton* decision held that substantial compliance does not require the State to provide a completed and signed paper copy of a document if the officer and supervisor fully discussed the five factors. In this regard, the *Pendleton* decision is distinguishable from the case at hand.  There, the Supreme Court affirmed the Superior Court's factual finding of substantial compliance because the record demonstrated that (1) the probation officer discussed the factors with his supervisor, and (2) the probation officer obtained his supervisor's

---

[6] *State v. Brown*, 2019 WL 3249402, at *2 (citations omitted).
[7] *Id*.
[8] *See* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2808 (2d.ed.) (recognizing, in the context of a motion for new trial, that the facts must not have been known or available to the movant at the time of the first proceeding).
[9] *Pendleton*, 990 A.2d at 420.
[10] *Id*. at 420-21.
[11] *Id*. at 421.

prior approval.[12] It was the supervisor's approval, in large part, that "ensured that the Department of Correction had sufficient grounds before searching [the probationer's] home."[13]

7.    Here, SPO McClure's testimony presented the only evidence that touched on P & P's compliance with Procedure 7.19. Contrary to the State's contention, the record is devoid of evidence that a supervisor approved the search. Furthermore, rather than address the five factors listed in the Procedure, SPO McClure testified that there were five *incidents* that supported the search – those five incidents (probation violations and criminal offenses) touched on two of the five items in the checklist.[14] Two of the missing five factors included the requirement that the officer and supervisor discuss the reliability of the person *that informed the probation officer* that the probationer had violated the law. While the Court can infer that SPO McClure received some of the information he testified about from Detective Holl, the record contains no evidence that SPO McClure and his supervisor discussed where SPO McClure received the information. As a result, there is no evidence supporting that the supervisor participated in evaluating the evidence's credibility. Furthermore, the record contains no evidence that P & P satisfied the Procedure's critical fifth factor – the mandatory requirement that a supervisor approve the search.[15] *The State had the*

---

[12] *Id*. at 420.

[13] *Id*.

[14] *See State v. Kolaco*, 2020 WL 7334176, *15 (Del. Super. Ct. Dec. 14, 2020) (recognizing that Procedure 7.19 *requires an officer and supervisor to discuss* the following five factors: "(1) the officer has knowledge or sufficient reason to believe the offender possesses contraband; (2) the officer has knowledge or sufficient reason to believe the offender is in violation of probation or parole; (3) there is information from a reliable informant indicating the offender possesses contraband or is violating the law; (4) the information from the informant is corroborated; and (5) approval for the search has been obtained from a Supervisor, a Manager, or the Director and if approval is not obtained prior to the search, list the exigent circumstances on the Search Checklist requiring the officer to proceed with the search.").

[15] *See id*. (discussing the final factor under procedure 7.19 that requires supervisor approval absent exigent circumstances).

4

*burden* to justify this warrantless search, and the record provides no evidence that a supervisor, manager, or the Director authorized the search.[16]

8.      While recognizing that SPO McClure's testimony does not address his supervisor's approval or denial, the State argues that the Court was *required* to make "a reasonable inference" of approval based upon a single question posed to SPO McClure.  Specifically, the State focuses on the following question: "Did you eventually request authorization for an administrative search of his residence?"[17]  SPO McClure then testified that he discussed five *incidents* with his supervisor, but did not address his supervisor's reaction.[18]  Here, the Court sat as the finder of fact and appropriately declined to infer that a supervisor approved the search based upon that question and answer.[19]

9.      Contrary to the State's argument, the somewhat relaxed substantial compliance standard does not divest it of its obligation to demonstrate that P & P met Procedure 7.19's requirement that:

> [a]pproval for the search has been obtained from a Supervisor, a Manager or the Director.  If approval is not obtained prior to the search, list the exigent circumstances on the Search Checklist requiring you to proceed with the search.[20]

Obtaining two levels of approval (that of the officer and his or her supervisor) is an indispensable requirement that is necessary to insure that warrantless administrative P & P searches do not proceed based upon a single officer's unfettered discretion.  Absent the State's demonstration of such approval, there can be no substantial compliance with Procedure 7.19.  Given this holding,  it follows that if the State had presented evidence

---

[16] *See Juliano v. State*, 2020 WL 6815414, *18 (Del. Nov. 12, 2020) (explaining that the State bears the burden of proof in a motion to suppress evidence seized during a warrantless search).
[17] *State v. Kolaco*, I.D. No. 1910010939, at 14 (Del. Super. Ct. Nov. 20, 2020) (TRANSCRIPT).
[18] *Id.*
[19] As the Court further noted in n. 96 of its Opinion, it did not find, more likely than not, that the parties completed (or even addressed the checklist) or that the supervisor approved the search.  The State simply did not address those matters, despite holding the burden of proof.
[20] *Kolaco*, 2020 WL 7334176 at *15 (citing DOC BCC 7.19 § V & VII (A)(1)).

that P & P orally discussed each of the five requirements with a supervisor (which it did not), the State would still have failed to demonstrate substantial compliance with the Procedure.

10.     Second, the State argues that it was unfairly surprised when the Court examined Rule 7.19's requirements. It should not have been surprised. Namely, Mr. Kolaco alleged in his written motion that P & P did not substantially comply with the Procedure.[21]     When doing so, he quoted Procedure 7.19, in part.[22]     Furthermore, Delaware decisional authority  unquestionably places the burden on the State to prove substantial compliance with the Procedure;  Mr. Kolaco needed to prove nothing in the hearing.[23]     In addition, in the State's written response to Mr. Kolaco's motion, it acknowledged the centrality of the issue through its contention that SPO McClure need only have substantially complied with Procedure 7.19's requirements.[24]     Finally, examining counsels' statements during the hearing demonstrate that (1) the State was not surprised, and (2) the State should have been fully on notice of its burden. Counsel for the State stated in opening that the State needed to prove that "the probation officer complied with the administrative procedure, and considering the totality of the circumstances, it was a reasonable search that substantially complied with the Procedure 7.19."[25]     In response, Mr. Kolaco's counsel argued in her opening that "*at this point, there's nothing showing that this 7.19 was even kind of followed, let alone substantially followed in this case.*"[26]     The State should not have been surprised that it needed to address the five factors necessary to meet its burden. [27]

---

[21] Defs.' Mot. to Suppress ¶¶ 3 – 7.

[22] *Id*. at ¶ 3.

[23] *Kolaco*, 2020 WL 7334176 at *15 (citation omitted).

[24] States' Response ¶¶ 8 – 13.  The State omitted the requirement for supervisor approval for a search from the portions of 7.19 that it cited.   It *alleged*, however, that "SPO McClure discussed all relevant factors with his supervisor, and gained approval for the search of Defendant's residence."  *Id*. at ¶ 13.

[25] *State v. Kolaco*, I.D. No. 1910010939, at 3 (Del. Super. Ct. Nov. 20, 2020) (TRANSCRIPT).

[26] *Id*. at 6 (emphasis added).

[27] As the Court noted in its Opinion at n. 87, the Court provided the State and Mr. Kolaco the opportunity to address any further issues raised by the text of Rule 7.19.  The State did not.

11.    Third and finally, the State requests a rehearing to offer additional evidence.   In its written motion for reargument, it attaches a computer printout of the checklist, another supporting document, and an affidavit from SPO McClure alleging that he followed Procedure 7.19's requirements.[28] Assuming the truth of the allegations in these supplemental documents and affidavit, the State and the testifying witness possessed the information more than a year prior to the suppression hearing. Accordingly, it does not constitute newly discovered evidence that would justify a rehearing.  Here, the State had notice of the hearing and it understood, or should have understood, that it had the burden to demonstrate substantial compliance with Procedure 7.19's requirements.    Judicial economy, the orderly administration of justice, and basic fairness to Mr. Kolaco as the opposing litigant, make it inappropriate for the Court to hold a second hearing to consider evidence, that should in fairness, have been presented in the first.

WHEREFORE, the State's motion for reargument is DENIED.


/s/Jeffrey J Clark
Judge

---

[28] States' Mot. for Reargument, at Exs. B & C.